IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:11-CR-077-D(01) |
| VS. | § | |
| | § | |
| MICHAEL ANTHONY BAKER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Anthony Baker ("Baker") moves for a sentence reduction, restitution recalculation, and termination of his term of supervised release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Baker pleaded guilty to wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2, and to money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. On February 24, 2012 the court sentenced him to 180 months' imprisonment on each count, to run concurrently, and 2 years of supervised release. Baker did not surrender to the Federal Bureau of Prisons ("BOP") on April 10, 2012, as ordered, so a warrant was issued for his arrest. He was eventually arrested and delivered to FCI Greenville on April 23, 2018.

On May 29, 2025 Baker filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to respond, which it did on July

1, 2025.  On June 30, 2025 Baker filed a supplement to his May 29, 2025 motion; on July

9, 2025 he filed a notice regarding the supplemental filing; on July 11, 2025 he filed a notice

of clarification regarding supplemental filing; and on July 28, 2025 he filed a reply to the

government's response.  Baker's motion is now ripe for decision.

## II

To the extent that Baker seeks compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), the court denies his motion.

### A

A district court lacks inherent authority to modify a defendant's sentence after it has

been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First

Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting

all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised

release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling

reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th

Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1]  When deciding

whether to modify a term of imprisonment, the court must "consider[] the factors set forth

in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

Of course, it is now well settled that "neither the policy statement" of the Sentencing

---

[1]Baker contends in his reply that he "submitted a cop-out to his counselor [who] forwarded the request to the warden."  D. Reply (ECF No. 256) at 3.  Because doing so does not change the outcome of the decision on Baker's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

In support of his motion, Baker contends that the following constitute "extraordinary and compelling reasons for relief," D. Mot. (ECF No. 249) at 6: his sentence was enhanced using conduct from dismissed or unproved charges, in violation of the 2024 amendment to U.S.S.G. § 1B1.3, resulting in an inflated guideline range based on $7 million in losses; the use of dismissed and unproved conduct not only inflated his sentence but also violated the fairness promised by his plea deal; he was penalized under an improperly-applied leadership enhancement, in violation of his Fifth and Sixth Amendment rights, and his sentence was therefore constitutionally defective; he was held accountable for millions of dollars in losses without proper evidence, has overpaid restitution on the only two counts of conviction, and the "moral weight of assigning full liability to a single defendant—who had no authority to approve loans, issue funds, or underwrite mortgages—is unconscionable," *id*. at 14; his sentence was calculated using improper stacking of status points, which is now barred by Amendment 821; he received a harsher sentence than the other individuals who were involved in the mortgage fraud scheme, and racial and prosecutorial disparity are also evident; he has earned over 3,000 First Step Act Earned Time Credits but the BOP has not yet applied those credits to reduce his sentence or supervised release; he has demonstrated

- 3 -

extraordinary rehabilitation; he has a legitimate opportunity to work in Alaska's oil field industry and continued supervision would only impede this lawful transition; and his mother is elderly, medically fragile, and recently underwent cancer surgery.

Because the court concludes below that Baker's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Baker has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also* *Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors

- 4 -

functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Baker is currently serving a 180-month sentence for his role in an elaborate mortgage fraud scheme. At sentencing, the presentence report placed him in criminal history category IV due to his two prior federal convictions involving check-cashing schemes and the fact that he committed the instant offenses while on supervised release. Based on Baker's conduct and criminal history, he faced a guideline range of 235-293 months, but because of his plea agreement, the court sentenced him below that range. After sentencing, Baker absconded. Baker is not eligible for release from prison until August 17, 2031. If the court grants his motion, it will be ordering him released more than *5 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter*

- 5 -

*alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Baker's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

III

Although Baker seeks relief only under 18 U.S.C. § 3582(c)(1)(A), his motion challenges various aspects of his sentence, including, *inter alia*, the following: application of sentencing enhancements; retroactive changes to the Sentencing Guidelines, including Amendment 821[2]; the amount he has been ordered to pay in restitution; and racial and role-based sentencing disparities in the underlying criminal prosecution.

To the extent that Baker's motion can be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255.  *See Jeffers v.*

---

[2]To the extent that Baker argues that he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, the proper vehicle for seeking such relief is through a motion for sentence reduction under 18 U.S.C. § 3582(c)(2).

*Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). And insofar as Baker seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)).

Accordingly, to the extent that Baker challenges the legality of his underlying sentence, the court will not consider this challenge in deciding his motion under § 3582(c)(1)(A).

\* \* \*

Accordingly, Baker's May 29, 2025 motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

October 2, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -